UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL MURRAY; PATRICIA AIKEN, personally and as the owner of EDPDLAW, LTD.; EDPDLAW, LTD.; and OMAR ORTIZ,<br><br>        Plaintiffs,<br>v.<br><br>COUNTY OF HUDSON; HUDSON COUNTY, DEPARTMENT OF CORRECTIONS; THOMAS A. DEGISE, in his official capacity as County Executive; OSCAR AVILES, personally and in his official capacity as Director of the Department of Corrections; KIRK EADY, personally and in his official capacity as Deputy Director of the Department of Corrections; HOWARD MOORE, personally and in his official capacity; TISH NALLS-CASTILLO, personally and in her official capacity; John/Jane Does 1-25,<br><br>        Defendants. | Civil Action No. 17-2875 (JMV)<br><br><u>**OPINION**</u> |

**<u>FALK, U.S.M.J.</u>**

  This matter comes before the Court upon Plaintiff Patricia Aiken's motion for leave to amend the Complaint. (CM/ECF No. 73.) The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **denied.**

# BACKGROUND[1]

This civil rights case arises out of alleged wrongdoing related to the Hudson County Department of Corrections ("Department of Corrections"). Plaintiffs are Daniel Murray, Patricia Aiken, Omar Ortiz, and EdPDLAW, Ltd. (collectively, "Plaintiffs"). Murray was a corrections officer employed by the County of Hudson. While employed, Murray served in various capacities for the Police Benevolent Association ("PBA") Local No. 109. Ortiz was a Lieutenant in the Department of Corrections and served in various union positions, including president of PBA Local No. 109. Aiken is the owner of EdPDLAW, Ltd. ("EdPDLAW"), a New Jersey business that provided services to law enforcement unions which included operation of a website containing information about public entities and other relevant resource information. Beginning in August 2010, EdPDLAW entered into an agreement with the PBA to provide its services.

Plaintiffs asserts various allegations against Defendants County of Hudson ("County"), Department of Corrections, Thomas A. DeGise, Oscar Aviles, Kirk Eady, Howard Moore, Tish Nalls-Castillo, and John/Jane Does 1-25 (collectively, "Defendants") in this case. Among other things, Plaintiffs claim that Defendants took retaliatory action against them after EdPDLAW was hired to undertake an investigation into the proper titles of Defendants Aviles and Eady which allegedly revealed that they held civilian titles while remaining in the Police and Fire Retirement System, and that promotions were given in violation of the New Jersey Civil Service regulations. Plaintiffs claim that they were the victims of retaliation by Defendants following publication by EdPDLAW of the alleged

---

[1] The background facts are taken largely from the District Court's Opinion on Defendants' motion to dismiss (CM/ECF No. 17.)

incriminating information on its website, as well alleged incriminating statements about Nalls-Castillo.  Specifically, Plaintiffs contend the Defendants made it known that they intended to retaliate against PBA representatives including Murray and Ortiz, and intended to get Aiken fired from working with the PBA.

With the assistance of counsel, Plaintiffs filed a Complaint on April 26, 2017.  Plaintiffs filed an Amended Complaint, on consent, on July 13, 2017.  The Amended Complaint asserts thirteen counts, including claims for multiple violations of 42 U.S.C. § 1983, claims for state statutory violations, as well as common law claims for tortious interference with a business relationship and intentional and negligent infliction of emotional distress. Defendants filed their Answers on September 8 and October 6, 2017.  (CM/ECF Nos. 12 and 15.)[2]  Aviles moved to dismiss.  (CM/ECF No. 13.)  On June 14, 2018, the Court granted Aviles's motion.  The Order dismissed all claims, some without prejudice, and provided Plaintiffs 30 days within which to file a Second Amended Complaint consistent with the Court's accompanying Opinion.  (CM/ECF Nos. 17 and 18.)  Plaintiffs did not file an amended pleading and the Court, on July 16, 2018, dismissed all claims against Aviles with prejudice.  (CM/ECF No. 19.)

The Court conducted an initial conference and entered a scheduling order pursuant to which any motion to amend pleadings was to be filed by February 28, 2019, and closing discovery on April 30, 2019.  (CM/ECF No. 26.)  Fact discovery was extended six times, with the most recent scheduling order closing fact discovery August 31, 2021.  (CM/ECF No. 81.)

---

[2] Answers were filed by DeGise, Eady, Aviles and the County. Nalls-Castillo and the Department of Corrections has not answered in this case.

On October 16, 2020, Plaintiffs' Counsel filed a motion to withdraw its representation of Plaintiffs Aiken and EdPDLAW only. On January 5, 2021, with the consent of Aiken, the Court granted Counsel's motion to withdraw. (CM/ECF No. 64.) The Order provided that Aiken would proceed *pro se*, but could not represent EdPDLAW as she is precluded by law from doing so.

On March 22, 2021, Aiken, now proceeding *pro se*, filed the instant motion for leave to file a Second Amended Complaint ("SAC"). (CM/ECF No. 73.) Although not entirely clear to the Court, according to Aiken, she seeks to amend her pleading to "clarify[y] some matters,", add new causes of action, rename Aviles as a defendant, and add a new defendant allegedly previously identified as a John Doe.[3] (CM/ECF No. 73, ¶¶ 12-13.) Defendants oppose the motion arguing, among other things, that Plaintiff is barred from amending the Complaint as proposed, that her delay in attempting to do so is prejudicial, that the claims against Aviles have previously been dismissed with prejudice, and that the claims she seeks to assert against the proposed new defendant, County Counsel Donato J. Battista, and DeGise are futile.

## DISCUSSION

### A. Legal Standard for Amendment

Requests to amend pleadings are usually governed by the rather liberal Federal Rule of Civil Procedure 15.[4] However, when a party seeks to amend beyond a deadline

---

[3] Plaintiff also states that she seeks to rename "former Defendant[ ] DeGise". However, DeGise appears to currently be a defendant in this case. (CM/ECF No. 73, ¶12.)

[4] Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

7

in a scheduling order, the more demanding standard of Rule 16 applies. Under Rule 16, a party must show "good cause" to alter the scheduling order. See Fed.R.Civ.P. 16; Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (good cause standard when determining the propriety of a motion to amend after the deadline elapsed). The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).

### *B. Leave to Amend Should Be Denied*

Aiken's proposed SAC appears to add new counts including failure to train/supervise and violations of the Americans with Disabilities Act. It also seeks to rename Aviles as a defendant and add County Counsel Donato J. Battista, Esq. as a new defendant. Aiken's motion to amend is denied in its entirety for the following reasons as set forth below.

Aiken has failed to demonstrate good cause as to why the date for amendment in the scheduling order, February 28, 2019, should be altered. Even if the Court were to apply the more liberal standard of Rule 15 governing amendment, Aiken's extreme unexplained delay would result in unfair prejudice to the parties were the motion to be granted. It is rather straightforward. The events from which the claims derive began in or about 2012, some nine years ago. Aiken's papers provide virtually no explanation for the delay in seeking to amend, and certainly no legitimate explanation.

Aiken's states that "[o]ver the course of the past 3 years . . . new information has come to light" which would support amendment. Aiken has not explained how this

information was produced, other than to say depositions were taken, or how she intends to use it. More notably, up until only a few months ago, Aiken was represented by counsel in this case and had been so when this purported new information was discovered. Any delay, other than to suggest it took time to obtain the case file from prior counsel, or to implicate him in the delay, has been largely unaddressed by Aiken in this motion.

The prejudice is obvious. The existing parties have a right to have the case against them determined in a reasonable time frame. Adding new parties and claims would require discovery, would likely involve motion practice, and would no doubt delay proceedings substantially. This case is already four years old. Discovery has already been extended more than five times. Given how much time has passed, and the likelihood that recollections of the events have faded and access to sources of proof have become more challenging, permitting amendment at this time would be highly prejudicial to the existing defendants. Furthermore, the Court has an interest in the timely resolution of cases before it, and prolonging this litigation by adding two defendants at this late date is contrary to that interest. The Court is cognizant of the generally liberal standard of allowing amendment of pleadings; however, in the absence of some legitimate reason, it would be unfair to allow further amendment at this time.

With respect to renaming Aviles as a defendant, the claims against him have already been dismissed, with prejudice, nearly three years ago. Plaintiff does not appear to allege mistake or inadvertence, but again seems to suggest that prior counsel failed to act following the Court's dismissal of the claims.

9

The Court has serious concerns that the proposed amendments are futile. Any new causes of action against the County, the Department of Corrections, Aviles as its Director and Battista as County Counsel would likely be barred for failure to file a timely Tort Claims Notice. See N.J.S.A. 59:8-8 (a claimant's right to institute an action against a public entity is conditioned upon the claimant having filed a Notice of Claim pursuant to within 90 days following accrual of the action). Moreover, according to Defendants, Battista has nothing to do with the operation of the Correctional Center[5] or the Union related to it.[6]

Although not the basis alone for denial of the motion, the Court notes that Aiken's failure to comply with Local Civil Rule 15.1 which governs motions to amend pleadings requires that the motion papers contain a "red-lined" version delineating the precise amendments the movant seeks to make. See L.Civ.R. 15.1(a)(2). The purpose of the Rule is to provide the Court and the parties an opportunity to evaluate the proposed claims. *See Folkman v. Roster Fin. LLC,* 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005); *see also P. Schoenfeld Asset Mgt. v. Cendant Corp.,* 142 F.Supp.2d 589, 622 (D.N.J.2001).

Here, Plaintiff's motion papers do not contain a red-lined version. The proposed

---

[5] Aiken's pleading of fictitious parties is not a guarantee that an amendment to identify them will be permitted. Plaintiffs identified John/Jane Does as "unidentified employees of the County." (Am. Compl. at ¶11.) A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 667-78 (2009). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007)). Here, no facts were alleged with respect to the fictious parties to support any claims against Battista.

[6] Defendants also state that DeGise has no involvement in the day-to-day operations of the Correctional Center or with the Unions and negations with them.

SAC is 89 pages long, some 26 pages longer than the First Amended Complaint. Given the length and complexity of the allegations in the proposed pleading, the lack of a red-lined version made it that much for challenging for the Court to decipher. Although the Court strains to be indulgent with *pro se* litigants, basic rules must be followed. Without a red-lined version, neither the Court nor Defendants can adequately assess the claims Aiken seeks to assert. Thus, notwithstanding the liberal standard governing amendments of pleadings, the Court simply cannot grant the motion.

## CONCLUSION

For the reasons set forth above, Aiken's motion for leave to amend her Complaint is **denied.**

                                              **s/Mark Falk**
                                              **MARK FALK**
                                              **United States Magistrate Judge**

**Dated: June 2, 2021**